## In the Supreme Court of Pennsylvania.

### (*At Nisi Prius.*)

## ROSE v. CITY OF PHILADELPHIA.

The city is liable for the killing of a boy in the building of a bridge, although it was built by contract, where the work is intrinsically dangerous.

Charge delivered February 21, 1874, by

SHARSWOOD, J.    Gentlemen of the Jury :—This is an action brought by Ann S. Rose to recover damages for the loss of her son, John R. C. Rose, who was killed on the 25th of August, 1871, it is alleged, by the fall of a wedge from one of the trestles supporting the eastern span of the Girard Avenue Bridge.

The action is based upon the alleged negligence of the officers and servants of the city of Philadelphia.    This action could not have been maintained a few years ago, but an act of assembly, approved April 15, 1851, recognized the right, and very properly.    The questions which you are to determine are, first, whether the death of the plaintiff's son resulted from the falling of the wedge?    To this fact one witness for the plaintiff swears positively that it did strike him on the head, and of this witness there is no contradiction.    The only thing that raises a question as to this is, whether a wedge of the weight described, twenty-five pounds, could fall from such a height without producing more than a mere abrasion of the skin.    We have no light shed upon this question by a post mortem examination, by any surgeon or physician.    If the wedge did not strike him at all, then we have no evidence except that he lost his balance on the boat, fell overboard and was drowned.    I cannot say to the jury that they are bound to assume that this wedge could strike him without producing more than an abrasion.    If he fell over accidentally and was drowned, then there can be no recovery.

In the repairs to the bridge the work was done under a contract, under a plan.    The general principle is, that if one employs another to do any work—for example, to build him a house and delivers it over to him to complete, the responsibility of the employer does not exist for the negligence of the contractor or his employees.    There are some exceptions, however, to this doctrine.    It does not apply where employers retain the control of the work, neither does it apply where the work is intrinsically dangerous, when the plan of the work is such that the same danger exists after completion as while the work is going on.    Take the case of a bridge. Here is a bridge (I do not say this one), the repairs to which are so constructed, that after it is finished, the wedges provided for in the plan and

an inherent part thereof, will require to be driven or hammered in two or three times a day in the same manner as while the repairs are going on. The employer in such a case would be liable ; in other words, if the defect or want of skill is in the plan prescribed by the employer or contractor, and not in the manner in which the work is performed, then the employer is responsible for the defect, whether the injury results from the negligence of the contractor or his servants. Mr. Kneass agrees, that if the plan does not provide for a foundation it would be defective. There is a provision made on the plan for the use of wedges. It is admitted, that unless the trestles rested upon solid foundations the wedges would have to be driven at least once a day. It is for you, gentlemen of the jury, to apply these principles to the facts in the case, and if, from the consideration of all the evidence, you should be of opinion the plaintiff should recover, then the question will be, what amount of damages will you adjudge ? It should be compensation for pecuniary loss only. No compensation whatever should be allowed plaintiff for her sorrow on account of the loss of her son. The damages are to be simply compensation for the loss of his services in contributing to her support. You have heard the evidence as to the age of the parties, and that he would probably outlive his mother, and he would probably have supported her through life.

Verdict for plaintiff for $2,500.